IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 11 |
| ANDERSON NEWS, LLC, | : | Bankr. Case No. 09-10695-CSS |
| | : | |
| Debtor. | : | |
| | : | |
| LINDA GAIL FRANKLIN, D/B/A DOWNTOWN NEWSSTAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 09-53275-CSS |
| | : | |
| ANDERSON NEWS, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| LINDA GAIL FRANKLIN, D/B/A DOWNTOWN NEWSSTAND,[1] | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civ. No. 10-664-LPS |
| | : | |
| ANDERSON NEWS, LLC, | : | |
| | : | |
| Appellee. | : | |

**MEMORANDUM ORDER**

[1]Linda Gail Franklin ("Ms. Franklin"), owner of the Downtown Newsstand in Clearwater, Florida and *pro se* appellant in this matter, has captioned the instant appeal (the "Appeal") in various formats – sometimes naming another individual, her business partner, George Lawson Kelly ("Mr. Kelly"), as an additional *pro se* appellant, and sometimes naming various appellees in addition to debtor Anderson News, LLC ("Anderson News" or "Debtor"), including Anderson Media Corporation ("Anderson Media"), Holston Asset Management, LLC ("Holston"), and Suntrust Bank ("Suntrust"). (*See* D.I. 1, 3, 7, 16)  For purposes of this Memorandum Order, all appellants will be referred to collectively as "Franklin" or "Appellant," and all appellees will be referred to collectively as "Anderson" or "Appellee."

At Wilmington this 26th day of November, 2012, this matter coming before the Court

upon the appeal of Franklin from a determination of the Honorable Christopher S. Sontchi,

U.S.B.J. (D.I. 1), and having considered the parties' papers submitted in connection therewith;

IT IS ORDERED that the Appeal is DISMISSED for the reasons that follow:

1.      Anderson News was the subject of an involuntary petition filed by certain of its

creditors in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court") on March 2, 2009 (Bankr. Case No. 09-10695-CSS).  (*See* D.I. 11 at 3; D.I. 14 at 1-2)

An order for relief was entered on December 30, 2009, and the bankruptcy case was converted

from one under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, to

one under Chapter 11.  (*See* D.I. 11 at 3; D.I. 14 at 1-2)

2.      On December 23, 2009, Franklin, an alleged net debtor of Anderson News,[2]

commenced an adversary proceeding in the Bankruptcy Court against Anderson News, Anderson

Media, Holston, and Suntrust (the "Adversary Proceeding") (Adv. Pro. No. 09-53275-CSS).

(*See* D.I. 12 App. 1; *see also* D.I. 14 at 2 & n.1, 3)

3.      Defendants Anderson Media, Anderson News, Holston, and Suntrust moved to

dismiss the Adversary Proceeding for insufficiency of process, insufficiency of service of

process, and failure to state a claim for which relief can be granted.  (*See* D.I. 11 at 4; D.I. 14 at

3; D.I. 12 Apps. 9, 12)

4.      On April 30, 2010, the Bankruptcy Court entered an order (the "Dismissal Order")

dismissing the Adversary Proceeding for insufficiency of process and service of process.  (*See*

_____

[2]According to the debtor-in-possession, Franklin – who is a newsstand retailer – had two accounts with Anderson News, with a combined net balance owed to Debtor of approximately $4,351.38. (*See* D.I. 14 at 2 & n.1)

D.I. 12 App. 9 at 2 ("The Complaint is dismissed pursuant to Fed. R. Bankr. P. 7013(b)(4) and

(5). Plaintiff has failed to obtain issuance of a summons by Bankruptcy Rule 7004(b), and

therefore, there has been no issuance of process and service of process."); *see also* D.I. 11 at 4;

D.I. 14 at 4))

5.      Franklin had also filed a number of motions in the Debtor's main bankruptcy case.

On or about January 19, 2010, Franklin filed a Motion to Provide for Censure and Penalty; on or

about March 22, 2010, Franklin filed an Amended Motion to Provide for Censure and Penalty

(collectively, the "Censure and Penalty Motion"). (*See* D.I. 11 at 4-6; D.I. 12 Apps. 2 & 7; D.I.

14 at 3) Franklin also proceeded to serve (but apparently failed to file) Supplemental Remarks

and Stipulations to be Orally Presented to the Court at the Scheduled June 17, 2010 Hearing on

the Matter of the Amended Motion to Provide for Censure and Penalty (the "Supplemental

Remarks"), as well as a Summary Judgment Motion. (*See* D.I. 11 at 6-7; D.I. 12 Apps. 10, 12,

13 (Notice of Second Amended Agenda of Matters Scheduled for Hearing on June 17, 2010 at

2:00 P.M.) & 14 (Transcript of June 17, 2010 Hearing) at 7; D.I. 14 at 3-4)

6.      Franklin's motions, which generally sought sanctions and other forms of relief

against Anderson News based upon a judgment Debtor obtained in a Tennessee collection action

against Franklin to recover the approximately $4,351.38 in prepetition account receivables

allegedly owed by Franklin to Anderson News, were objected to – and the Bankruptcy Court

agreed with the objections. (*See, e.g.,* D.I. 11 at 4-6; D.I. 12 Apps. 8, 11, 12 & 14; D.I. 14 at 3,

5) At the June 17, 2010 hearing (the "Omnibus Hearing") regarding Franklin's Censure and

Penalty Motion and Summary Judgment Motion, the Bankruptcy Court stated that "to say that the

[D]ebtor should be censured for taking [its] position . . . is well beyond what the facts show at

this point;" the Bankruptcy Court denied Franklin's Censure and Penalty Motion and Summary

Judgment Motion. (D.I. 12 App. 14 at 25; *see also* D.I. 12 Apps. 13, 14 at 7 & 28; D.I. 14 at 5)[3]

7.      Thereafter, Franklin filed an "Appeal on the Matter of the Dismissal of the

Plaintiffs' Motion for Censure and Penalty" (the "Notice of Appeal") with the Bankruptcy Court

in the Adversary Proceeding on July 8, 2010. (*See* Adv. Pro. No. 09-53275-CSS, D.I. 22)  The

Notice of Appeal was entered on the docket of this Court on August 9, 2010. (*See* D.I. 1)

Although Franklin's Notice of Appeal indicates that Franklin sought "[a]ppeal as to the Order of

the Court dismissing Plaintiff's previously filed Motion for Censure and Penalty heard . . . on the

17th day of June, 2010" (D.I. 1 at 2; *see also* D.I. 3 at 1), Franklin attached to the Notice of

Appeal a copy of the Bankruptcy Court's Dismissal Order of April, 2010, which dismissed the

Adversary Proceeding (*see* D.I. 1).  However, attached to Franklin's "memorandum" in support

of the Notice of Appeal is, *inter alia*, a copy of the June 2010 Omnibus Hearing transcript. (*See*

D.I. 3)

8.      Appellee argues there are many deficiencies which require dismissal of the instant

Appeal.

(a)      As suggested above, Anderson observes that the record is confusing as to

precisely which judicial determinations Franklin is appealing. (*See* D.I. 11 at 1-3; D.I. 14 at 6-7)[4]

---

[3]The Bankruptcy Court did not enter a written order memorializing its ruling from the bench. (*See* D.I. 12 App. 14 at 25 ("THE COURT: Debtors submit an order. [COUNSEL]: We will, Your Honor."); *see also* D.I. 1 at 4 (Appellant stating: "As it stands now, and as this is written, this Court has, or is about to, issue an order dismissing Appellant's Motion for Censure and Penalty.  Such an Order is expected to . . . ignore . . . the points, provisions and arguments presented in Appellant's Motion for Censure and Penalty"))

[4]Anderson News contends:

Anderson argues that regardless of whether Franklin is appealing the April 30, 2010 Dismissal

Order (entered in the adversary proceeding) or the June 17, 2010 denial of the request for censure

and sanctions (in the bankruptcy proceeding), the Appeal is untimely.  In Appellee's view, when

the Appeal was filed, on July 7, 2010, more than 14 days had passed since the orders that are the

subject of the Appeal, making the Appeal time-barred pursuant to Federal Rule of Bankruptcy

Procedure 8002.[5]  (*See* D.I. 11 at 7; D.I. 14 at 1, 6-8; D.I. 15 at 1)

(b)     Anderson further contends that the Appeal is frivolous and should be

dismissed for reasons including Franklin's failure to file a designation of record and opening

brief, in violation of Bankruptcy Rules 8006 and 8009(a)(1).  (*See* D.I. 11 at 1, 7-12; D.I. 14 at 1,

6, 8-13; D.I. 15 at 1-2)[6]

9.     Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C.

§ 158.  Pursuant to 28 U.S.C. § 158(a)(1) & (3), district courts have mandatory jurisdiction to

hear appeals "from final judgments, orders, and decrees," as well as discretionary jurisdiction

---

The Appeal complains of the dismissal of the Plaintiff's Motion for Censure and
Penalty.  The Plaintiff's Censure and Penalty Motion was filed in the Main
Bankruptcy Case (No. 09-10695), but the Appeal was filed in the Adversary
Proceeding (No. 09-53275).  Thus, the Appeal appears on the District Court
Docket, as appealing the April 30, 2010 Dismissal Order, which dismissed the
Adversary Proceeding.  In reality, the Appeal is appealing the oral ruling of
dismissal of the Plaintiff's Censure and Penalty Motion, from the Omnibus
Hearing (June 17, 2010), for which a formal written order was never entered . . . .

(D.I. 14 at 6-7; *see also* D.I. 11 at 3 (other appellees' analysis of issues presented on appeal))

[5]Alternatively, Appellee argues that Franklin's attempt to appeal the dismissal of the
Censure and Penalty Motion is premature, because no formal written order of dismissal was ever
entered.  (*See* D.I. 14 at 7)

[6]Anderson asks the Court to deem the Appeal frivolous and award the Debtor damages
and counsel fees pursuant to Bankruptcy Rule 8020.  (*See* D.I. 14 at 1, 6, 11-13)

"from other interlocutory orders and decrees."  Federal Rule of Bankruptcy Procedure 8002(a)

requires such appeals to be filed "within 14 days of the date of the entry of the judgment, order or

decree appealed from."  Moreover, "[a] notice of appeal filed after the announcement of a

decision or order but before entry of the judgment, order, or decree shall be treated as filed after

such entry and on the day thereof."  Fed. R. Bankr. P. 8002(a).  Compliance with this fourteen-

day limitations period is jurisdictional, and the failure to timely file an appeal deprives the

reviewing court of jurisdiction.  *See In re Caterbone*, 640 F.3d 108, 111-12 (3d Cir. 2011)

("[T]he prescribed timeline within which an appeal from a bankruptcy court must be filed is

mandatory and jurisdictional . . . .").  Thus, failure to file a timely notice of appeal amounts to a

jurisdictional defect and bars district court review.

10.     Bankruptcy Rule 8002(c) allows for an extension of time for filing a notice of

appeal beyond the 14 days provided for in Rule 8002(a).  To obtain an extension under Rule

8002(c), an appellant must request the extension in the Bankruptcy Court "by written motion

filed before the time for filing a notice of appeal has expired, except that such a motion filed not

later than 21 days after the expiration of the time for filing a notice of appeal may be granted

upon a showing of excusable neglect."

11.     Here, regardless of whether Franklin's Appeal is construed as appealing the April

30, 2010 Dismissal Order (*see* Adv. Pro. No. 09-53275-CSS, D.I. 16) or the June 17, 2010 Order

denying Franklin's Censure and Penalty Motion (*see* D.I. 12 App. 14 (Transcript of June 17,

2010 Hearing) at 7; D.I. 14 at 3-4), the Notice of Appeal was filed later than 14 days after entry

of the order(s) being appeal from.  Franklin did not request, by written motion, an extension of

time for filing an appeal.

6

12.     Because the Notice of Appeal was untimely, the Court lacks subject matter

jurisdiction over the appeal from the Bankruptcy Court. Therefore, the Appeal must be and

hereby is DISMISSED.[7]

 

 

 

 

                                                            UNITED STATES DISTRICT JUDGE

---

[7]Accordingly, it is unnecessary to reach the parties' additional arguments. Anderson's request that the Court declare the Appeal frivolous and award it damages and attorneys' fees is denied.